IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN AND CAROLYN GONZALES**, on
behalf of themselves and all others similarly
situated,

        **Plaintiffs,**

v.                                      No. 14-CV-00593 KG/LAM

**THE GOODYEAR TIRE & RUBBER CO.,**
an Ohio Corporation,

        **Defendant.**

## STIPULATED PROTECTIVE ORDER

Plaintiffs, John and Carolyn Gonzales, and Defendant, The Goodyear Tire & Rubber Company, (collectively, the "parties") stipulate that certain documents subject to discovery in this case contain trade secret, proprietary, private or other confidential information. In order to maintain the confidentiality of documents and information identified as confidential, and by agreement of the parties, the parties agree to and enter this Stipulated Protective Order ("Protective Order"), the terms of which shall be binding on all parties.

## CONFIDENTIAL INFORMATION

1.     This Protective Order shall only apply to documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed at the request of the receiving party, or pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure that are designated confidential by the producing party.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. "Confidential Information" shall mean and include documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and any other disclosure required by Fed.R.Civ.P. 26(a)-(b) that have been designated as "Confidential" by the producing party after a review of such document based on the assertion that the document contains or reflects information that is protected under Fed. R. Civ. P. 26(c)(1)(G) because it involves a trade secret, design or formulation information or other confidential research, development or commercial information.

3. As used in this Protective Order, the term "Entran 3" shall mean and include Goodyear hose labeled or marked with the names "Onix," "Entran 3," or "Entran 3Δ" (collectively referred to herein as "Entran 3").

4. Documents designated as Confidential shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys and their staff actively working on this case, including Goodyear In-House Counsel;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents, witnesses, or potential witnesses; and

   (h) other persons by written agreement of the parties.

  5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form of Exhibit A hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  6. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "PROTECTED DOCUMENT."

  7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Failure to provide such written notice within 30 days after completion of the transcript shall result in the transcript being deemed not confidential.

  8. Without written permission from the Producing Party or a court order, a party may not file any Confidential Material in the public record in this litigation.  The parties shall

comply with the applicable Local Rules when seeking to file Confidential Information under seal. Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential Information (or any references thereto).

9. A party ("objecting party") may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information ("designating party"). The written notice shall (1) identify the information to which the objection is made and (2) provide a brief statement of the basis for the challenge. Failure of the objecting party to provide a brief statement of the basis for the challenge will render the notice deficient provided the designating party notifies the objecting party of the perceived deficiency in writing within five (5) business days after the notice is received. In that event, the notice does not trigger an obligation for the designating party to take the additional steps described below to preserve confidentiality unless and until the objecting party serves a new notice in accordance with this paragraph. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion within (10) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall be treated as not Confidential in accordance with this Protective Order.

10. Within thirty (30) days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as

Confidential shall be returned to the party that produced it. The parties may elect to destroy Confidential documents, provided that the destroying party shall furnish all parties with a signed affidavit attesting to the destruction.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
**THE HONORABLE LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**

**SUBMITTED BY:**  *(Prior to modification by the Court)*

MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.

By: */s/ Donald A. DeCandia*
Donald A. DeCandia dad@modrall.com
Elizabeth A. Martinez eam@modrall.com
P. O. Box 2168
Albuquerque, NM 87103
Telephone: (505) 848-1800
          and
BALLARD SPAHR, LLP
Roger P. Thomasch
 thomasch@ballardspahr.com
David M. Stauss
 staussd@ballardspahr.com
1225 17th Street, Suite 2300
Denver, CO 80202
Phone: (303) 292-2400
*Attorneys for Defendant The Goodyear Tire & Rubber Co*

**STIPULATED AND AGREED TO:**

BRANCH LAW FIRM
Turner W. Branch

2025 Rio Grande Blvd NW
Albuquerque, NM 87104
Tel: (505) 243-3500
tbranch@branchlawfirm.com

  *and*

 *Electronically Approved Per*
By *Glen Abramson 10/10/14*
Shanon J. Carson
Glen L. Abramson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
scarson@bm.net
gabramson@bm.net

  *and*

Charles J. LaDuca
CUNEO GILBERT & LaDUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Tel: (202) 789-3960
charles@cuneolaw.com

*Attorneys for Plaintiffs and the Proposed Classes*


Y:\dox\client\36239\0142\PLEADING\W2290162.DOC

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**JOHN AND CAROLYN GONZALES, on
behalf of themselves and all others similarly
situated,**

    **Plaintiffs,**

**v.**                                                                 No. 14-CV-00593 KG/LAM

**THE GOODYEAR TIRE & RUBBER CO.,
an Ohio Corporation,**

    **Defendant.**

---

### WRITTEN ACKNOWLEDGMENT

---

The undersigned states subject to the penalties for perjury:

1. I am a party to this litigation, a witness or deponent in this litigation, or have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential Information.

3. I promise to abide by the Protective Order with respect to Confidential documents and information furnished to me in this litigation.

4. As a condition to receipt of documents marked Protected Document in this litigation, I consent to personal jurisdiction over me in the United States District Court for the District of New Mexico, solely for the purpose of enforcing the Protective Order.

Signed this _____day of _____, 201\_\_.

                                              Signed:      _____

                                              Print Name:  _____